IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| M. FRANK AVILA and <br> THE VOTERS OF COOK COUNTY, <br><br> Plaintiffs, <br><br> v. <br><br> MARTIN SANDOVAL; VICTOR H. REYES; CITY OF CHICAGO BOARD OF ELECTION COMMISSIONERS; and DAVID ORR, CLERK OF COOK COUNTY, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 02 C 1222 <br><br> Hon. John W. Darrah |

DOCKETED
SEP 05 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs, M. Frank Avila and the Voters of Cook County ("Plaintiffs"), filed a single-count complaint against Defendants, Martin Sandoval ("Sandoval"); Victor Reyes ("Reyes"); the City of Chicago Board of Election Commissioners ("the Board"); and David Orr, the Clerk of Cook County, seeking injunctive and declaratory relief. The complaint alleges violations of the First and Fourteenth Amendments and 42 U.S.C. §§ 1971, 1973, 1983, and 1985 (2002). The complaint also alleges violation of the Illinois Election Code, 10 Ill. Comp. Stat. § 5/7-12 (2002). Injunctive relief sought by Plaintiffs was granted February 28, 2002 by order of the Court.

Sandoval and Reyes move to dismiss, pursuant to Federal Rule of Civil Procedure 12(b). For the reasons that follow, Sandoval and Reyes' motion to dismiss is granted.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted

-1-

as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,'... he must 'set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991). The district court must review the complaint liberally, taking as true all well-pleaded allegations and the inferences that may be drawn from them. *See Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999).

## BACKGROUND

For purposes of this motion to dismiss, the following allegations are taken as true.

M. Frank Avila ("Avila") and Sandoval are residents of Chicago, Illinois. Avila is of Mexican-American ancestry, and Sandoval is Hispanic. They both live within the Metropolitan Water Reclamation District of Greater Chicago ("MWRD"). At the time of filing of this complaint, Sandoval and Avila were both candidates for the Democratic nomination for Commissioner of the MWRD. Sandoval was also a candidate for the Democratic nomination for State Senator of the Twelfth District of Illinois.

Reyes is a Chicago, Illinois resident of Puerto Rican descent and also lives within the

MWRD. He is the head of the Hispanic Democratic Organization.

The MWRD consists of nine commissioners who are elected on an at-large basis as prescribed by the Illinois Election Code, 70 Ill. Comp. Stat. § 2605/3 (2002). Of these nine elected at-large, three are nominated and elected at each biennial election for staggered terms.

Sandoval is currently serving as a commissioner on the MWRD board. He was appointed in 1999 by Governor George Ryan to fill a vacancy left when former MWRD Commissioner Frank Gardner ("Gardner") resigned. Sandoval was subsequently elected in March 2000 to serve the remainder of Gardner's term. During the fall and winter of 2001, Sandoval circulated petitions for his candidacy for the nomination for MWRD commissioner in the 2002 Democratic primary. On the Sunday before the last day to file such petitions, city workers, in response to threats, intimidation and possible rewards, circulated petitions for Sandoval's candidacy for the nomination for State Senator for the Twelfth District of Illinois in the 2002 Democratic primary. The complaint alleges that both petitions were circulated even though Sandoval intended only to serve as State Senator, and the two offices are incompatible.

The complaint alleges that Sandoval's candidacy for the Democratic nomination of two separate offices was part of a conspiracy on the part of Reyes and Sandoval to defraud the voters of Chicago. If Sandoval were elected as commissioner of the MWRD and State Senator, he would have resigned as commissioner, which would have permitted the appointment of a non-elected person. Hispanics would have lost representation if a non-Hispanic were appointed.

Plaintiffs moved for the entry of a temporary restraining order, seeking to remove the name of Martin Sandoval from the ballot for the office of commissioner of the MWRD. Pursuant to an order of the Court, Sandoval withdrew his candidacy for the Democratic nomination for

commissioner of the MWRD. Avila won the Democratic nomination for commissioner of the MWRD. Both men ran unopposed. Sandoval won the Democratic nomination for the office of State Senator.

The court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

## DISCUSSION

Specifically, Sandoval and Reyes argue that the case is moot because Sandoval withdrew his candidacy for the Democratic nomination for commissioner of the MWRD pursuant to this Court's order.

Cases are moot when there is no live case or controversy. *Tobin for Governor v. Ill. State Bd. of Elections*, 268 F.3d 517, 528 (7th Cir. 2001). Plaintiffs have received specific relief prayed for, namely the removal of Sandoval as a candidate for the Democratic nomination for commissioner of the MWRD. Plaintiffs also pray for Sandoval's removal from the primary ballot for State Senator. The Democratic primary was held on March 19, 2002. Any such ruling by this Court "would have no impact on the parties to this suit or on the results of" the March 19, 2002 primary. *Tobin for Governor*, 268 F.3d at 528.

However, a case will not be moot if it is within the "capable of repetition but evading review" exception. *See Tobin for Governor*, 268 F.3d at 528 (citing *Moore v. Ogilvie*, 394 U.S. 814, 816 (1969)). A case falls within the "capable of repetition but evading review" exception when "(1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same

action again." *Tobin for Governor*, 268 F.3d at 529.

The "capable of repetition but evading review" exception does not apply to this case. First, decisions of the Board regarding the validity of nominating petitions and objections thereto are subject to judicial review. 10 Ill. Comp. Stat. 5/10-10.1 (2002); *see also Tobin for Governor*, 268 F.3d at 529. Second, there is no reasonable expectation that Plaintiffs would find themselves in the same situation again. Avila would have to run for the Democratic nomination for an office in which the incumbent, also a Democrat, never intended to serve in the office because he was also running for another office. This is unlikely, to say the least. Therefore, the complaint is dismissed as moot. *See Tobin for Governor*, 268 F.3d at 529.

## CONCLUSION

For the reasons stated herein, Reyes and Sandoval's motion to dismiss is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: 9-3-02